**Query**    **Reports**    **Utilities**    **Help**    **What's New**    **Log Out**

CLOSED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CRIMINAL DOCKET FOR CASE #: 2:22-mj-02016-DUTY All Defendants

## 18-cr-00089-LAB-1

Case title: USA v. Sounthonphom

Date Filed: 05/20/2022

Other court case number: 18cr00089-LAB-1 SOUTHERN DISTRICT OF CALIFORNIA

Date Terminated: 05/20/2022

```
FILED
May 24 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ franciscoh    DEPUTY
```

Assigned to: Duty Magistrate Judge

**Defendant (1)**

**Setha Joe Sounthonphom**
REG 66254-298
*TERMINATED: 05/20/2022*

represented by **Adam Olin**
Federal Public Defenders Office
321 East 2nd Street
Los Angeles, CA 90012
213-894-1462
Fax: 213-894-0081
Email: adam_olin@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**                      represented by **US Attorney's Office**
AUSA - Office of US Attorney
Criminal Division - US Courthouse
312 North Spring Street 12th Floor
Los Angeles, CA 90012-4700
213-894-2434
Email: USACAC.Criminal@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2022 | 1 | AFFIDAVIT RE: OUT-OF-DISTRICT WARRANT (Rule 5(c)(3)) filed as to defendant Setha Joe Sounthonphom, originating in the Southern District of California. Defendant charged in violation of: 18:3583. Signed by agent A. Bailon, Deputy, US Marshals. filed by Plaintiff USA. (cio) (Entered: 05/24/2022) |
| 05/20/2022 | 2 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Setha Joe Sounthonphom; defendants Year of Birth: 1979; date of arrest: 5/20/2022 USMS# 66254-298 (cio) (Entered: 05/24/2022) |
| 05/20/2022 | 3 | Defendant Setha Joe Sounthonphom arrested on warrant issued by the USDC Southern District of California at San Diego. (Attachments: # 1 Out-of-District Petition)(cio) (Entered: 05/24/2022) |
| 05/20/2022 | 4 | NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Setha Joe Sounthonphom (cio) (Entered: 05/24/2022) |
| 05/20/2022 | 5 | MINUTES OF granting 4 REQUEST for Detention as to Setha Joe Sounthonphom (1); ARREST ON OUT OF DISTRICT WARRANT held before Magistrate Judge Gail J. Standish as to Defendant Setha Joe Sounthonphom. Contested detention hearing held. Defendant arraigned. Attorney: Adam Olin for Setha Joe Sounthonphom, Deputy Federal Public Defender, present. Court orders defendant Permanently detained. Defendant remanded to the custody or currently in the custody of the US Marshal. Court orders defendant held to answer to Southern District of California. Warrant of Removal and final commitment to issue. Government to provide reporting dates to counsel. Court Smart: CS 05/20/2022. (cio) (Entered: 05/24/2022) |
| 05/20/2022 | 6 | ADVISEMENT OF STATUTORY & CONSTITUTIONAL RIGHTS filed by Defendant Setha Joe Sounthonphom. (cio) (Entered: 05/24/2022) |
| 05/20/2022 | 7 | CONSENT to Video Conference/Telephonic Conference filed by Defendant Setha Joe Sounthonphom. (cio) (Entered: 05/24/2022) |
| 05/20/2022 | 8 | FINANCIAL AFFIDAVIT filed as to Defendant Setha Joe Sounthonphom. (Not for Public View pursuant to the E-Government Act of 2002) (cio) (Entered: 05/24/2022) |
| 05/20/2022 | 9 | WAIVER OF RIGHTS approved by Magistrate Judge Gail J. Standish as to Defendant Setha Joe Sounthonphom. (cio) (Entered: 05/24/2022) |

| 05/20/2022 | [10] | ORDER OF DETENTION by Magistrate Judge Gail J. Standish as to Defendant Setha Joe Sounthonphom, (cio) (Entered: 05/24/2022) |
| 05/20/2022 | [11] | WARRANT OF REMOVAL AND COMMITMENT by Magistrate Judge Gail J. Standish that Defendant Setha Joe Sounthonphom be removed to the Southern District of California (cio) (Entered: 05/24/2022) |
| 05/24/2022 | | Notice to SOUTHERN DISTRICT OF CALIFORNIA of a Rule 5 or Rule 32 Initial Appearance as to Defendant Setha Joe Sounthonphom. Your case number is: 18cr00089-LAB-1. The clerk will transmit any restricted documents via email. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: [5] Order on Request for Detention,,,, Initial Appearance - Arrest on Out of District Warrant - Rule 5(c)(3) (fka Rule 40),,. If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (cio) (Entered: 05/24/2022) |

FILED

2022 MAY 20 AM 11: 24

CLERK US DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES

JB

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
| | |
| PLAINTIFF(S) | 18cr00089-LAB-1    MJ 22-02016 |
| v. | |
| SETHA JOE SOUNTHONPHOM | **DECLARATION RE** |
| DEFENDANT(S). | **OUT-OF-DISTRICT WARRANT** |

The above-named defendant was charged by: arrest warrant

in the Southern District of California on 05/05/2022

at _____ ☐ a.m. / ☐ p.m. The offense was allegedly committed on or about 07/21/2022

in violation of Title 18 U.S.C., Section(s) 3583

to wit: Supervised Release Violation

A warrant for defendant's arrest was issued by: The Honorable Larry Alan Burns

Bond of $ NO BAIL was ☐ set / ☐ recommended.

Type of Bond: N/A

Relevant document(s) on hand (attach):

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ 5/20/22 _____
Date

Signature of Agent

A. Bailon
Print Name of Agent

USMS
Agency

Deputy US Marshal
Title

Submit this form by e-mail to:

CrimIntakeCourtDocs-LA@cacd.uscourts.gov   For Los Angeles criminal duty.
CrimIntakeCourtDocs-SA@cacd.uscourts.gov   For Santa Ana criminal duty.
CrimIntakeCourtDocs-RS@cacd.uscourts.gov   For Riverside criminal duty.

FILED

2022 MAY 20  AM 11: 24

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | | CASE NUMBER: |
|---|---|---|
| v.                           PLAINTIFF | | MJ 22-02016 |
| SETHA JOE SOUNTHONPHOM | | **REPORT COMMENCING CRIMINAL ACTION** |
| USMS# 66254-298              DEFENDANT | | |

## TO: CLERK'S OFFICE, U.S. DISTRICT COURT

All areas must be completed.  Any area not applicable or unknown should indicate "N/A".

1.  The defendant was arrested in this district on 05/20/2022 _____ at 0930 ____ ☒ AM ☐ PM
    or
    The defendant was arrested in the _____ District of _____ on _____ at _____ ☐ AM ☐ PM

2.  The above named defendant is currently hospitalized and cannot be transported to court for arraignment or any other preliminary proceeding:   ☐ Yes   ☒ No

3.  Defendant is in U.S. Marshals Service lock-up (in this court building):   ☒ Yes   ☐ No

4.  Charges under which defendant has been booked:

    18 USC 3583, Supervised Release Violation

5.  Offense charged is a:   ☒ Felony   ☐ Minor Offense   ☐ Petty Offense   ☐ Other Misdemeanor

6.  Interpreter Required:   ☒ No   ☐ Yes   Language: _____

7.  Year of Birth: 1979 _____

8.  Defendant has retained counsel:   ☒ No
    ☐ Yes   Name: _____   Phone Number: _____

9.  Name of Pretrial Services Officer notified:  Duty Officer _____

10. Remarks (if any): _____

11. Name:  A. Bailon _____   (please print)

12. Office Phone Number: 213/620-8395 _____   13. Agency: USMS _____

14. Signature: _____   15. Date:  05/20/2022 _____

CR-64 (09/20)                    **REPORT COMMENCING CRIMINAL ACTION**

AO 442

FILED

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

2022 MAY 20 AM 11: 24

CLERK US DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
BY _____

UNITED STATES OF AMERICA

v.

Setha Joe Sounthonphom

# WARRANT FOR ARREST

Case Number: ___18cr00089-LAB-1___

# NOT FOR PUBLIC VIEW

# MJ 22-02016

To:  The United States Marshal
     and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest ___Setha Joe Sounthonphom___

Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☒ Probation Violation Petition

☐ Pretrial Violation

RECEIVED
U.S. MARSHALS-S/CA
2022 MAY -5 PH 12: 22

charging him or her with (brief description of offense):

In violation of Title ___See Above___  United States Code, Section(s) _____

| John Morrill | Clerk of the Court |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |
| s/ G. Vocal | 05/05/2022, San Diego, CA |
| Signature of Deputy | Date and Location |

Bail fixed at $ ___No Bail___  by  ___The Honorable Larry Alan Burns___

Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at Pomona, California | | |
| DATE RECEIVED 05/19/2022 | NAME AND TITLE OF ARRESTING OFFICER A. Bailon Deputy US Marshal | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST 05/20/2022 | | |

PROB 12C
(06/17)

May 4, 2022
pacts id 4350033

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Setha Joe Sounthonpom (English)

**Dkt. No.:** 18CR00089-001-LAB

**Reg. No.:** 66254-298

# MJ 22-02016

**Name of Sentencing Judicial Officer:** The Honorable Larry A. Burns, U.S. District Judge

**Original Offense:** (Count 1) 18 U.S.C. § 1708, Theft or Possession of Stolen Mail, a Class D felony; and (Count 3) 18 U.S.C. § 1344(2), Bank Fraud, a Class B felony.

**Date of Sentence:** June 4, 2018

**Sentence:** 41 months' custody, each count to run concurrently; to be followed by three years' supervised release (Count 1), and five years' supervised release (Count 3), all counts to run concurrently. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** December 23, 2020

**Asst. U.S. Atty.:** Timothy D. Coughlin

**Defense Counsel:** Keith H. Rutman
(Appointed)
619-237-9072

**Prior Violation History:** None.

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

RECEIVED
U.S. MARSHALS-S/CA
2022 MAY -5 PM 12: 22

PROB12(C)
Name of Offender: Setha Joe Sounthonpom                                           May 4, 2022
Docket No.: 18CR00089-001-LAB                                                           Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

## CONDITION(S)                                    ## ALLEGATION(S) OF NONCOMPLIANCE

**(Mandatory Condition)**
The defendant must not illegally possess a
controlled substance. The defendant must
refrain from any unlawful use of a
controlled substance. Submit to one drug
test within 15 days of release from
imprisonment and at least two periodic
drug tests thereafter. Testing requirements
will not exceed submission of more than
four (4) drug tests per month during the
term of supervision, unless otherwise
ordered by the court.

1. On or about July 21 and July 29, 2021, Mr.
Sounthonpom used a controlled substance,
methamphetamine, as evidence by his verbal
admission to the probation officer on August 18,
2021.

2. On or about August 24, 2021, Mr. Sounthonpom used
a controlled substance, methamphetamine, as
evidenced verbal admission to the probation officer
on August 24, 2021.

3. On or about September 26 and 30, 2021, Mr.
Sounthonpom used a controlled substance,
methamphetamine, as evidenced by his verbal
admission to the probation officer on October 1, 2021.

4. On or about October 12 and 28, 2021, Mr.
Sounthonpom used a controlled substance,
methamphetamine, as evidenced by his verbal
admission to the probation officer on November 4,
2021.

5. On or about December 16 and 21, 2021, Mr.
Sounthonpom used a controlled substance,
methamphetamine, as evidenced by his verbal
admission to the probation officer on December 21,
2021.

6. On or about December 29, 2021, Mr. Sounthonpom
used a controlled substance, methamphetamine, as
evidenced by his verbal admission to the probation
officer on December 29, 2021.

**_Grounds for Revocation:_** As to allegations 1, 3, 4, and 5, I have received and reviewed correspondence from the
supervising probation officer in the Central District of California, detailing the following: on the above dates, the
offender submitted urine samples, which screened positive for amphetamines. When questioned by the
supervising probation officer, the offender admitted to using methamphetamine.

As to allegations 2, I have received and reviewed correspondence from the supervising probation officer in the
Central District of California, detailing the following: On August 24, 2021, the offender verbally admitted to the
supervising probation officer that he had used methamphetamine. On August 25, 2021, the offender submitted a
urinalysis sample, which screened positive for amphetamines.

PROB12(C)

Name of Offender: Setha Joe Sounthonpom                                    May 4, 2022
Docket No.: 18CR00089-001-LAB                                                    Page 3

As to allegations 6, I have received and reviewed correspondence from the supervising probation officer in the
Central District of California, detailing the following: On December 29, 2021, during a home visit, the offender
verbally admitted to the supervising probation officer he had used methamphetamine. On December 30, 2021,
the offender submitted a urinalysis sample, which screened positive for amphetamines.

PROB12(C)
Name of Offender: Setha Joe Sounthonpom                                        May 4, 2022
Docket No.: 18CR00089-001-LAB                                                      Page 4

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Due to an oversight by the Probation Office in the Central District of California, our office was not made aware of the violation conduct alleged herein until April 2022.

Since commencing supervision in December 2020, the offender has submitted ten urinalysis samples that have screened positive for amphetamines. The offender admitted each time to using methamphetamine.

In July 2021, the offender submitted two urine samples, which returned positive for amphetamines. The offender admitted verbally to the supervising probation officer to using methamphetamine and disclosed he was struggling with his sobriety. In response, the offender was placed in outpatient treatment services. The supervising probation officer attempted to place the offender in the Interactive Journaling Program but was not successful due to the offender's literacy issues.

From August to October 2021, the offender submitted five urinalysis samples, which returned positive for amphetamines and each time, the offender admitted to the supervising probation officer to using methamphetamine. In November, the offender was referred to the Salvation Army Adult Rehab. The offender failed to show for his intake appointment, reporting he was working.

In December 2021, the offender submitted three urinalysis samples, which returned positive for amphetamines and each time, the offender admitted to the supervising probation officer to using methamphetamine. A screening was coordinated, but the offender failed to show, reporting he was going to start a job and did not want to jeopardize the opportunity.

In January 2022, the offender was terminated from individual counseling per the treatment provider's recommendation as the offender was unable to gain sobriety and felt his needs would be better suited for residential drug treatment.

In February 2022, the offender was referred to four residential treatment programs that had availability. The offender claimed to have called one of the referred programs and was told there was no availability. The offender did not pursue placement at the other referral locations.

In March 2022, the offender was referred to a residential treatment program with a report date of March 26, 2022. The offender failed to report.

Furthermore, the offender was ordered as part of the sentence in the underlying matter to pay $22,663 in restitution and a special penalty assessment of $200, at a rate of $50 a month. The offender reported he has been unable to submit payments due to sporadic earnings as a construction worker. At the time of writing, the offender has paid $125 in total, with the last payment being made in April 2020, while the offender was in custody. The offender has an outstanding balance of $22,738.

In light of the above, the offender's adjustment to supervision has been deemed remarkably poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

According to the Presentence Report, the offender is a refugee from Laos; his family migrated to the United States in 1981, seeking political asylum. They settled in Pomona, California, where the offender spent most of his life. The offender is single and has one child, who resides with her mother. The offender is sporadically employed as

PROB12(C)
Name of Offender: Setha Joe Sounthonpom
Docket No.: 18CR00089-001-LAB

May 4, 2022
Page 5

a construction worker with Marb Construction Management and resides with his parents and brother in Pomona, California.

The offender's criminal history dates back to 1998 and includes convictions for use/under the influence of controlled substance, possession of controlled substance paraphernalia, multiple possession of controlled substance, multiple vehicle theft, multiple false checks, forgery, and identify theft. The offender joined a gang at age 16 and cut ties when his daughter was born in 2004. The gang is unknown.

In relation of substance abuse, the offender began using methamphetamine at the age of 16 and used daily until his arrest for the underlying offense. The offender continues to use methamphetamine, as evidenced by the ~~violation conduct alleged herein.~~

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

*As to Count 1*: If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

*At to Court 3*: If the court revokes supervised release, the maximum term of imprisonment upon revocation is 3 years. 18 U.S.C. § 3583(e)(3).

**Mandatory Revocation:** If it is determined that the offender has violated the conditions of supervised release by testing positive for illegal substances more than 3 times during the course of 1 year, the court shall revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(4).

**USSG Provisions**: The allegations (use a controlled substance) constitute a Grade C violation. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

PROB12(C)
Name of Offender: Setha Joe Sounthonpom                                    May 4, 2022
Docket No.: 18CR00089-001-LAB                                                      Page 6

*As to Count 1:* In this case, the court has the authority to reimpose a term of <u>3 years'</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

*As to Count 3:* In this case, the court has the authority to reimpose a term of <u>5 years'</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

In light of the offender's unabated substance abuse, he poses as a risk to himself and the community. Therefore, a warrant is requested to gain his presence before the Court.

## RECOMMENDATION/JUSTIFICATION

The offender commenced supervision in the Central District of California in December 2020. Since July 2021, the offender has submitted ten urinalysis samples, which returned positive for amphetamines, and subsequently he verbally admitted to using methamphetamine each time. To his credit, the offender was forthcoming about his relapse and admitted to struggling with his sobriety. In response to the offender's relapse, the supervising probation officer enrolled the offender in weekly individual counseling and referred the offender to residential treatment multiple times in an attempt to help him regain his sobriety. Despite the efforts made by the supervising probation officer, the offender failed to enroll in residential and was eventually terminated from individual counseling. Consequently, the offender has failed to comply with the Court's directives as he continued to use drugs unabatedly and has failed to take advantage of the opportunities afforded to him to regain his sobriety. It appears the offender is either unable or unwilling to apply any effort to change past behaviors and this does not bode well for future supervision compliance. Consequently, it is believed a custodial sanction is appropriate to hold the offender accountable for his actions, reinforce the importance of abiding by the Court's order, and for the breach of the Court's trust.

Should the Court sustain the allegations alleged herein, it is respectfully recommended supervised release be revoked. Based on the totality of the violation conduct, a custodial sentence of eight months, the low end of the guideline range, is recommended as a sanction for the violation of the breach of trust with the Court. Additionally, it is recommended this custodial sanction be followed by 28 months' supervised release (as to Count 1) and 52 months' supervised release (as to Count 3), to run concurrently, with the same conditions previously ordered. It is further recommended, given the offender's own statement about struggling with sobriety, the Court impose the following special condition:

*Enroll in and successfully complete a residential drug treatment program as directed by the probation officer.*

PROB12(C)

Name of Offender: Setha Joe Sounthonpom

Docket No.: 18CR00089-001-LAB

May 4, 2022

Page 7

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: **May 4, 2022**

Respectfully submitted:                    Reviewed and approved:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____         _____
Lisa Cabe                                Marc W. Ryan
U.S. Probation Officer                   Supervisory U.S. Probation Officer
(619) 557-6530

PROB12CW

May 4, 2022

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Sounthonpom, Setha Joe

2. **Docket No.** (Year-Sequence-Defendant No.): 18CR00089-001-LAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Use a controlled substance | C |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [  C  ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [  VI  ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))  [  8 to 14 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | | Community Confinement | |
| Fine($) | | Home Detention | |
| Other | | Intermittent Confinement | |

PROB 12(C)
Name of Offender: Setha Joe Sounthonpom                          May 4, 2022
Docket No.: 18CR00089-001-LAB                                    Page 9

## THE COURT ORDERS:

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF
PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE
WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED
VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE
OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND
WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE
PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW
ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR
BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY
SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____

_____
The Honorable Larry A. Burns
U.S. District Judge

__5/5/2022__
Date

FML for MAC

RECEIVED
U.S. MARSHALS-S/CA
2022 MAY -5 PM 12: 22

CLERK, U.S. DISTRICT COURT

5/20/22

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ eq _____ DEPUTY

1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   ALEXANDER SU (Cal. Bar No. 297869)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-8692
7       Facsimile: (213) 894-0141
        E-mail:    Alexander.Su@USDOJ.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                  UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          Case 2:22-MJ-02016

13          Plaintiff,                 GOVERNMENT'S NOTICE OF REQUEST FOR
                                       DETENTION
14              v.

15  SETHA JOE SOUNTHONPOM,

16          Defendant.

17

18       Plaintiff, United States of America, by and through its counsel

19  of record, hereby requests detention of defendant and gives notice of

20  the following material factors:

21  ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

22          following grounds:

23     ☐  a.   present offense committed while defendant was on release

24            pending (felony trial),

25     ☐  b.   defendant is an alien not lawfully admitted for

26            permanent residence; and

27

28

1     ☐   c.   defendant may flee; or

2     ☐   d.   pose a danger to another or the community.

3  ☐  2.   Pretrial Detention Requested (§ 3142(e)) because no

4         condition or combination of conditions will reasonably

5         assure:

6     ☐   a.   the appearance of the defendant as required;

7     ☐   b.   safety of any other person and the community.

8  ☒  3.   Detention Requested Pending Supervised Release/Probation

9         Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

10        § 3143(a)):

11     ☒   a.   defendant cannot establish by clear and convincing

12           evidence that he/she will not pose a danger to any

13           other person or to the community;

14     ☒   b.   defendant cannot establish by clear and convincing

15           evidence that he/she will not flee.

16  ☐  4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.

17        § 3142(e)):

18     ☐   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

19           (46 U.S.C. App. 1901 et seq.) offense with 10-year or

20           greater maximum penalty (presumption of danger to

21           community and flight risk);

22     ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

23           2332b(g)(5)(B) with 10-year or greater maximum penalty

24           (presumption of danger to community and flight risk);

25     ☐   c.   offense involving a minor victim under 18 U.S.C.

26           §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

27           2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

28

1               2260, 2421, 2422, 2423 or 2425 (presumption of danger

2               to community and flight risk);

3   ☐   d.   defendant currently charged with an offense described

4               in paragraph 5a - 5e below, AND defendant was

5               previously convicted of an offense described in

6               paragraph 5a - 5e below (whether Federal or

7               State/local), AND that previous offense was committed

8               while defendant was on release pending trial, AND the

9               current offense was committed within five years of

10              conviction or release from prison on the above-

11              described previous conviction (presumption of danger to

12              community).

13 ☒   5.   Government Is Entitled to Detention Hearing Under § 3142(f)

14         If the Case Involves:

15 ☐   a.   a crime of violence (as defined in 18 U.S.C.

16              § 3156(a)(4)) or Federal crime of terrorism (as defined

17              in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum

18              sentence is 10 years' imprisonment or more;

19 ☐   b.   an offense for which maximum sentence is life

20              imprisonment or death;

21 ☐   c.   Title 21 or MDLEA offense for which maximum sentence is

22              10 years' imprisonment or more;

23 ☐   d.   any felony if defendant has two or more convictions for

24              a crime set forth in a-c above or for an offense under

25              state or local law that would qualify under a, b, or c

26              if federal jurisdiction were present, or a combination

27              or such offenses;

28

1    ☐   e.   any felony not otherwise a crime of violence that

2         involves a minor victim or the possession or use of a

3         firearm or destructive device (as defined in 18 U.S.C.

4         § 921), or any other dangerous weapon, or involves a

5         failure to register under 18 U.S.C. § 2250;

6    ☒   f.   serious risk defendant will flee;

7    ☐   g.   serious risk defendant will (obstruct or attempt to

8         obstruct justice) or (threaten, injure, or intimidate

9         prospective witness or juror, or attempt to do so).

10   ☐ 6.   Government requests continuance of _____ days for detention

11         hearing under § 3142(f) and based upon the following

12         reason(s):

13

14   _____

15   _____

16   _____

17   //  _____

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

4

1   ☐   7.   Good cause for continuance in excess of three days exists in
2            that:

3

4   _____

5   _____

6   _____

7   _____

8   Dated: May 20, 2022                Respectfully submitted,

9                                      TRACY L. WILKISON
                                       United States Attorney
10
                                       SCOTT M. GARRINGER
11                                     Assistant United States Attorney
                                       Chief, Criminal Division
12

13                                      /s/ Alexander Su
                                       _____
14                                     ALEXANDER SU
                                       Assistant United States Attorney
15
                                       Attorneys for Plaintiff
16                                     UNITED STATES OF AMERICA

17

18

19

20

21

22

23

24

25

26

27

28

                                       5

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Setha Joe Sounthonpom<br><br><br>Defendant. | <u>Western</u> Division<br><br>Case No.: <u>2:22-MJ-02016</u><br>Initial App. Date: <u>05/20/2022</u>   <u>Out of District Affidavit</u><br>Initial App. Time: <u>1:00 PM</u>   <u>Custody</u><br><br><br>Date Filed: <u>05/20/2022</u><br>Violation: <u>18:3583</u><br><br>CourtSmart/ Reporter: C/S 5.20.22 |

| PROCEEDINGS HELD BEFORE UNITED STATES MAGISTRATE JUDGE: **Gail J. Standish** | CALENDAR/PROCEEDINGS SHEET<br>LOCAL/OUT-OF-DISTRICT CASE |
|---|---|

PRESENT:   Crawford, Holidae

Elisa Winfield     ALEXANDER SU     None
_Deputy Clerk_     _Assistant U.S. Attorney_     _Interpreter/Language_

☐ INITIAL APPEARANCE NOT HELD - CONTINUED
☐ Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations; see General Order 21-02 (written order).
☒ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and
  ☐ preliminary hearing OR ☒ removal hearing / Rule 20.
☐ Defendant states true name ☐ is as charged ☐ is _____
☐ Court ORDERS the caption of the Indictment/Information be changed to reflect defendant's different true name. Counsel are directed to file all future documents reflecting the true name as stated on the record.
☒ Defendant advised of consequences of false statement in financial affidavit.  ☐ Financial Affidavit ordered **SEALED**.
☒ Attorney: <u>Adam Olin, DFPD</u> ☒ Appointed ☐ Prev. Appointed ☐ Poss. Contribution (see separate order)
  ☐ Special appearance by: _____
☒ Government's request for detention is: ☒ GRANTED ☐ DENIED ☐ WITHDRAWN ☐ CONTINUED
☒ Contested detention hearing is held. ☒ Defendant is ordered: ☒ Permanently Detained ☐ Temporarily Detained (see separate order).
☐ BAIL FIXED AT $_____ **(SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS)**
☐ Government moves to UNSEAL Complaint/Indictment/Information/Entire Case: ☐ GRANTED ☐ DENIED
☐ Preliminary Hearing waived. ☐ Class B Misdemeanor ☐ Defendant is advised of maximum penalties
☐ This case is assigned to Magistrate Judge _____. Counsel are directed to contact the clerk for the setting of all further proceedings.
☐ **PO/PSA WARRANT** ☐ Counsel are directed to contact the clerk for
  District Judge _____ for the setting of further proceedings.
☐ Preliminary Hearing set for _____ at 4:30 PM
☐ PIA set for: _____ at 11:00 AM in LA; at 10:00 AM in Riverside; at 10:00 AM in Santa Ana
☐ Government's motion to dismiss case/defendant _____ only: ☐ GRANTED ☐ DENIED
☐ Defendant's motion to dismiss for lack of probable cause: ☐ GRANTED ☐ DENIED
☒ Defendant executed Waiver of Rights. ☐ Process received.
☒ Court ORDERS defendant Held to Answer to <u>SOUTHERN</u> District of <u>CALIFORNIA</u>
  ☐ Bond to transfer, if bail is posted. Defendant to report on or before _____
  ☒ Warrant of removal and final commitment to issue. Date issued: <u>5-20-22</u> By CRD: EW
    ☐ Warrant of removal and final commitment are ordered stayed until _____
☐ Case continued to (Date) _____ (Time) _____ AM / PM
  Type of Hearing: _____ Before Judge _____ /Duty Magistrate Judge.
  Proceedings will be held in the ☐ Duty Courtroom ☐ Judge's Courtroom
☒ Defendant committed to the custody of the U.S. Marshal ☐ Summons: Defendant ordered to report to USM for processing.
☐ Abstract of Court Proceeding (CR-53) issued. Copy forwarded to USM.
☐ Abstract of Order to Return Defendant to Court on Next Court Day (M-20) issued. Original forwarded to USM.
☐ RELEASE ORDER NO: _____
☐ Other: _____

_GOVERNMENT TO PROVIDE REPORTING DATE TO COUNSEL_

☒ PSA ☐ USPO ☒ FINANCIAL     ☒ CR-10 ☒ CR-29     ☒ READY
Deputy Clerk Initials EW

M-5 (10/13)     CALENDAR/PROCEEDING SHEET - LOCAL/OUT-OF-DISTRICT CASE     Page 1 of 1



FILED
CLERK, U.S. DISTRICT COURT

MAY 2 0 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

United States of America,

Plaintiff,

v.

Setha Sunthonpom

Defendant.

CASE NUMBER:

22-mj-2016

## ADVISEMENT OF DEFENDANT'S STATUTORY & CONSTITUTIONAL RIGHTS

You are in the United States District Court for the Central District of California because you have been charged with a crime against the United States or a violation of probation, supervised release, or pretrial release. The Court informs you that you have the following constitutional and statutory rights in connection with these proceedings:

You have the right to remain silent. Anything you say, sign, or write can be used against you in this or in any other case.

If you have not already received a copy of the charges, you will receive a copy today.

You have the right to hire and be represented by a lawyer of your choosing at each and every stage of these proceedings. If you cannot afford to hire a lawyer, you can apply to the Court to have a lawyer appointed to represent you for free from the office of the Federal Public Defender or the Indigent Defense Panel. The application for free counsel includes a financial affidavit, which you must sign under penalty of perjury. If you say something on the form that is not true or leave out material information, you could be charged with another crime, such as perjury or making a false statement.

If you are not a United States citizen, you may request that the prosecution notify your consular office that you have been arrested. Even without such a request, the law may require the prosecution to do so.

## IF YOU ARE MAKING YOUR INITIAL APPEARANCE BEFORE THE COURT

You have a right to a bail hearing in which the Magistrate Judge will determine whether you will be released from custody before trial. If you disagree with the Magistrate Judge's decision, you can appeal that decision to another Judge of this Court. You or the prosecutor can request that the bail hearing be continued to another day.

If you have been charged by complaint, you are entitled to a preliminary hearing within 14 days if the Magistrate Judge orders that you be detained pending trial, or 21 days if the Magistrate Judge orders that you be released pending trial. In a preliminary hearing, the prosecution will attempt to show that there is probable cause to believe that you committed the crime charged in the complaint. You will not be entitled to a preliminary hearing, however, if the prosecution obtains an indictment in your case before the time set for the preliminary hearing. (Most often, the prosecutors in the Central District of California present their cases to the grand jury before the time set for the preliminary hearing and, therefore, no preliminary hearing is held.)

## IF YOU ARE CHARGED WITH A VIOLATION OF
## YOUR CONDITIONS OF SUPERVISED RELEASE OR PROBATION

If you are charged with a violation of the terms and conditions of your supervised release or probation and the Magistrate Judge detains you, you have the right to a preliminary hearing before a Magistrate Judge.

---

CR-10 (06/18)      **ADVISEMENT OF DEFENDANT'S STATUTORY & CONSTITUTIONAL RIGHTS**      PAGE 1 OF 2

*continued on Page 2*

## IF YOU ARE CHARGED IN ANOTHER DISTRICT

If you have been arrested on a charge from another district, you are entitled to wait until the prosecution produces a copy of the warrant authorizing your arrest. You are also entitled to an identity hearing in which the prosecution would have the burden of proving there is probable cause to believe that you are the person named in the charges. If you are charged in a complaint from another district, you may request to have a preliminary hearing held in the charging district. If you are charged with a violation of a term of supervised release or probation imposed in another district, you have a right to a preliminary hearing, which may, depending on where the alleged violation occurred, be held either here or in the charging district.

If you want to plead guilty in the Central District of California, you may request to have your case transferred to this district. To proceed in this district, the United States Attorneys for this district and the charging district must agree to the transfer.

## IF YOU ARE APPEARING FOR ARRAIGNMENT

If you have been charged by indictment or information, you will be arraigned and may be asked to enter a not guilty plea today. After your arraignment, your case will be assigned to a District Judge of this Court for all further proceedings, unless a Judge has already been assigned.

You are entitled to a speedy and public trial by jury. The right to a jury trial can be waived.

You are entitled to see and hear the evidence and cross-examine the witnesses against you. You are entitled to the processes of the Court to subpoena witnesses on your behalf without cost to you if you are indigent. You do not have to prove your innocence. The prosecution has the burden to prove your guilt beyond a reasonable doubt.

---

**ACKNOWLEDGMENT OF DEFENDANT:**

I have read the above Advisement of Rights and understand it. I do not require a translation of this statement nor do I require an interpreter for court proceedings.

Dated: 5/20/2022          Setha Samthappan by counsel
                                    _Signature of Defendant_

**[or]**

I have personally heard a translation in the _____ language read to me and understand the above Advisement of Rights.

Dated: _____          _____
                                    _Signature of Defendant_

---

**STATEMENT OF THE INTERPRETER:**

I have translated this Advisement of Rights to the Defendant in the _____ language.

Dated: _____          _____
                                    _Signature of Interpreter_

                                 _____
                                    _Print Name of Interpreter_

---

**STATEMENT OF COUNSEL:**

I am satisfied that the defendant has read this Advisement of Rights or has heard the interpretation thereof and that he/she understands it.

Dated: 5/20/2022          _____
                                    _Signature of Attorney_

CR-10 (06/18)          **ADVISEMENT OF DEFENDANT'S STATUTORY & CONSTITUTIONAL RIGHTS**          PAGE 2 OF 2

NAME & ADDRESS

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 0 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| v.                         PLAINTIFF, | 22 - mj - 2016 |
| USMS Reg. #: _____ | CONSENT TO VIDEO/TELEPHONIC CONFERENCE AND/OR WAIVER OF DEFENDANT'S PRESENCE |
| Setha Southampon        DEFENDANT(S). | ☐ AND PROPOSED FINDINGS/ORDER |

*Check each that applies:*

☑ CONSENT TO VIDEO CONFERENCE/TELEPHONIC CONFERENCE          ☐ WAIVER OF DEFENDANT'S PRESENCE

**1. Consent to Video Conference/Telephonic Conference**

I, _Setha Southampon_ , understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to have all the below-listed proceedings take place in person in open court. After consultation with counsel, I knowingly and voluntarily consent to the proceedings below instead taking place by video conference or, if video conference is not reasonably available, by telephonic conference:

*Check each that applies:*

☑ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)          ☑ Initial Appearance (Fed. R. Crim. P. 5)

☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)          ☐ Arraignment (Fed. R. Crim. P. 10)

☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)          ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))

☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))          ☐ Appearances under Fed. R. Crim. P. 40

☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

*Note: to consent to an appearance by video or telephonic conference at one of the two proceedings listed below, you must also complete the "Proposed Findings" section on page 2 of this form.*

          ☐ Felony Pleas (Fed. R. Crim. P. 11)          ☐ Felony Sentencings (Fed. R. Crim. P. 32)

**2. Waiver of Defendant's Presence**

I, _____ , understand that the U.S. Constitution, the Federal Rules of Criminal Procedure, and/or one or more federal statutes may give me the right to be present at all of the below-listed proceedings - in person, by video conference, or by telephonic conference. After consultation with counsel, I knowingly and voluntarily waive my right to be present in person in open court or by video conference or by telephonic conference at the proceedings below:

*Check each that applies (and use Form CR-35 to waive the defendant's presence at other types of proceedings):*

☐ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)          ☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)

☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)          ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))

☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))          ☐ Appearances under Fed. R. Crim. P. 40

| 5/20/2022 | Setha Sunthampon | ☑ Signed for Defendant by Counsel for Defendant with Defendant's Authorization [Check if applicable] |
|---|---|---|
| Date | Defendant | |

*In Custody?*          ☐ Yes  ☐ No          *For in-custody defendants,*
                                          *list institution where housed:* _____

I have translated this consent/waiver to the Defendant in the _____ language.

_____
Date

_____
Interpreter (if required)

☐ Signed for Interpreter by Counsel for Defendant with Interpreter's Authorization [Check if applicable]

I am counsel for the Defendant herein. Prior to the Defendant signing this document or authorizing me to sign this document on the Defendant's behalf, I fully advised the Defendant of the Defendant's above-referenced rights and consulted with the Defendant regarding such rights and the Defendant's consent/waiver(s). I believe that the Defendant understands such rights and that the Defendant's consent/waiver(s) are knowing and voluntary, and I concur with such consent/waiver(s).

_S/20/2022_
Date

_____
Counsel for Defendant

---

**3. Proposed Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), felony pleas and sentencings cannot be conducted other than in person in open court unless the judge makes specific findings that the plea or sentencing "cannot be further delayed without serious harm to the interests of justice." Accordingly, if the defendant intends to consent to a felony plea or sentencing taking place by video conference or, if video conference is not reasonably available, by telephonic conference, instead of in person in open court, the defendant must set forth below proposed findings sufficient to make this showing.

**4. Order Adopting Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), I hereby find that the:

☐ Felony Plea (Fed. R. Crim. P. 11)      ☐ Felony Sentencing (Fed. R. Crim. P. 32)

in this case cannot be further delayed without serious harm to the interests of justice, for the reasons set forth above.

_____
Date

_____
United States District Judge

---

CR-029 (08/20)      CONSENT TO VIDEO/TELEPHONIC CONFERENCE AND/OR WAIVER OF DEFENDANT'S PRESENCE      P. 2 OF 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT

MAY 20 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA,

                                    PLAINTIFF

v.

Setha Sounthonpon          DEFENDANT.

CASE NUMBER:

22-mj-2016

WAIVER OF RIGHTS
(OUT OF DISTRICT CASES)

I understand that charges are pending in the __Southern__ District of __California__ alleging violation of __Supervised release__ and that I have been arrested in this district and
*(Title and Section / Probation / Supervised Release)*
taken before a United States Magistrate Judge, who has informed me of the charge(s) and my rights to:

(1)     have an identity hearing to determine whether I am the person named in the charges;
(2)     arrival of process;

*-Check one only-*

☐     **EXCLUDING PROBATION OR SUPERVISED RELEASE CASES:**
(3)     have a preliminary hearing (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and
(4)     request transfer of the proceedings to this district under Rule 20, Fed.R.Crim.P., in order to plead guilty.

☑     **PROBATION OR SUPERVISED RELEASE CASES:**
(3)     have a preliminary hearing (if the violation charged allegedly occurred in this district, and I am held in custody solely on that charge) under Rule 32.1(b), Fed.R.Crim.P., to determine whether there is probable cause to believe I have violated the terms of my probation/supervised release.

**I HEREBY WAIVE (GIVE UP) MY RIGHT(S) TO:**

☑     have an identity hearing
☑     arrival of process
☐     have a preliminary hearing
☐     have an identity hearing, and I have been informed that I have no right to a preliminary hearing
☑     have an identity hearing, but I request that a preliminary hearing be held in the prosecuting district.

Setha Sounthonpon by counsel
_____
Defendant

_____
Defense Counsel

Date: 5/20/2022

_____
United States Magistrate Judge

Gail J. Standish

I have translated this Waiver to the defendant in the _____ language.

Date: _____

_____
Interpreter(if required)

M-14 (09/09)                    WAIVER OF RIGHTS (OUT OF DISTRICT CASES)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

Case No. 22 MJ-0201Q       Date 5/20/22

Title   United States v. Setha Joe Sourthonphom

Present: The Honorable   Gail J. Standish

Holidae Crawford  /EQ        n/a
Deputy Clerk             Court Reporter / Recorder

Attorneys Present for Government:      Attorneys Present for Defendant:

n/a               n/a

Proceedings:     (IN CHAMBERS) **ORDER OF DETENTION – PROBATION/SUPERVISED RELEASE VIOLATION**

The Court conducted a detention hearing pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☐ supervised release.

The Court finds that

A.   ☒     Defendant has not carried his/her burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

     ☒    Lack of bail resources

     ☐    Refusal to interview with Pretrial Services

     ☐    No stable residence or employment

     ☒    Previous failure to appear or violations of probation, parole, or release

     ☐    Ties to foreign countries

     ☒    Allegations in petition

     ☐

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

Case No. _____  Date 5/20/22

Title     United States v.

_____

       **B.**    ☒      Defendant has not carried his/her burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

           ☒     Nature of previous criminal convictions

           ☒     Allegations in petition

           ☒     Substance abuse

           ☐     Already in custody on state or federal offense

           ☐

* * *

       IT IS THEREFORE ORDERED that the defendant be detained pending further proceedings.

Name & Address:

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 0 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER: |
|---|---|
| PLAINTIFF(S) | 2:22-MJ-02016 |
| v. | |
| SETHA JOE SOUNTHONPOM | **FINAL COMMITMENT AND WARRANT OF REMOVAL** |
| | SOUTHERN District of CALIFORNIA |
| DEFENDANT(S). | At SAN DIEGO |
| | *(City)* |

**To: United States Marshal for the Central District of California**

The above-named defendant is hereby remanded to your custody and you are hereby ORDERED to remove him/her forthwith, along with a certified copy of this Commitment, to the custodian of a place of confinement within the District of Origin, approved by the Attorney General of the United States, where the defendant shall be received and safely kept until discharged in due course of law.

This defendant was arrested in this District after the filing of a(n):

☐ Indictment    ☐ Information    ☐ Complaint    ☐ Order of court

☐ Pretrial Release    ☐ Probation    ☑ Supervised Release    ☐ Violation Notice
    Violation Petition      Violation Petition      Violation Petition

charging him or her with    (brief description of offense)

☑ in violation of Title 18    United States Code, Section (s) 3583

☐ in violation of the conditions of his or her pretrial release imposed by the court.

☐ in violation of the conditions of his or her supervision imposed by the court.

The defendant has now:

☑ duly waived arrival of process.
☑ duly waived identity hearing before me on 5-20-22 .
☐ duly waived preliminary hearing before me on _____
☐ had a preliminary hearing before me on _____, and it appears that there is probable cause to believe that the offense so charged has been committed and that the defendant has committed it.
☐ had an identity hearing before me on _____, and it appears that the defendant is the person named as charged, and:
    ☐ Bail has been set at $_____ but has not been posted.
    ☑ No bail has been set.
    ☑ Permanent detention has been ordered.
    ☐ Temporary detention has been ordered.

| 5-20-22 | | Gail J. Standish |
|---|---|---|
| Date | United States Magistrate Judge | |

### RETURN

Received this commitment and designated prisoner on _____, and on _____, committed him to _____ and left with the custodian at the same time a certified copy of the within temporary commitment.

_____ United States Marshal, Central District of California

| _____ | _____ |
|---|---|
| Date | Deputy |

M-15 (01/09)      **FINAL COMMITMENT AND WARRANT OF REMOVAL**